# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-432V
**(Not to be Published)**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
|   |   |
|---|---|
| MARIE CURRI, | |
| Petitioner, | Filed:  November 13, 2017 |
| v. | |
|  | Entitlement; Influenza Vaccine; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | SIRVA; Conceded |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ronald Craig Homer,* Conway, Homer, P.C., Boston, MA, for Petitioner.

*Glenn Alexander MacLeod*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### RULING FINDING ENTITLEMENT[1]

On March 27, 2017, Marie Curri filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] ECF No. 1. Petitioner alleged that she suffered from a shoulder injury related to vaccine administration ("SIRVA") injury as a result of receiving the influenza ("flu") vaccination on September 22, 2015. *Id.*

In his Rule 4(c) Report, Respondent acknowledged that the Petitioner's claim is compensable as a Table injury under the Act. Resp't's Rule 4(c) Report, dated Nov. 13, 2017 (ECF No. 16). Respondent specifically stated that medical personnel at the Division of Injury

---

[1] Because this ruling contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole ruling will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)).

Compensation Programs have reviewed the petition and accompanying documents filed in this case, as well as the relevant medical records, and Respondent has concluded that Petitioner's left shoulder injury is consistent with a SIRVA injury. *Id.* at 5. Specifically, Respondent concedes that Petitioner had no recent history of pain or dysfunction in her left shoulder, the onset of pain occurred within 48 hours after receipt of an intramuscular vaccination, the pain was limited to the vaccinated shoulder, and no other condition was identified to explain the shoulder pain. *Id.* In addition, the Rule 4(c) Report acknowledges that Petitioner has satisfied all the other legal prerequisites for compensation under the Vaccine Act. *Id.* Respondent therefore concludes that Petitioner is entitled to an award of damages. *Id.*

In view of Respondent's concession, and based on my own review of the record (*see* § 300aa-13(a)(1); 42 C.F.R. § 100.3 (a)(I)), I find that Petitioner is entitled to compensation for an injury that was caused-in-fact by a covered vaccine. 42 C.F.R. §§ 100.3(a)(XIV), 100.3(b)(2). A separate damages order will be issued shortly.

Any questions may be directed to my law clerk, Cate Rodgers, at (202) 357-6345.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master