# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-432V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| MARIE CURRI, | * | |
| | * | Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: May 28, 2019 |
| | * | |
| v. | * | |
| | * | Attorney's Fees and Costs. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Glenn A. MacLeod*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On March 27, 2017, Marie Curri ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving the influenza ("flu") vaccination on September 22, 2015. Petition (ECF No. 1) at 1. After Respondent indicated in his Rule 4(c) Report that Petitioner's claim was compensable as a Table injury under the Act, I issued a ruling on entitlement in Petitioner's favor. Ruling, dated Nov. 13,

---

[1] This Decision will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire Decision will be available in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

2017 (ECF No. 17). Thereafter, the parties were unable to reach an agreement on damages, and after briefing by the parties I issued a decision awarding damages on October 31, 2018 (ECF No. 40). Judgment entered on December 4, 2018 (ECF No. 42).

Petitioner has now filed a motion requesting final attorney's fees and costs. Motion, dated February 26, 2019 (ECF No. 46) ("Fees App."). Petitioner requests a total award of $33,027.50 (representing $31,800.40 in attorney's fees, plus $1,227.10 in costs). Fees App. at 1-2. Pursuant to General Order No. 9, Petitioner warrants that she has not personally incurred any costs in pursuit of this litigation (ECF No. 47). Respondent reacted to the motion on March 10, 2019, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. Response, dated Mar. 10, 2019 (ECF No. 48) at 2-3. Petitioner did not file a reply (although she did file a status report substantiating a requested rate increase, as discussed below).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding final attorneys' fees and costs in the amount of **$32,426.80**.

## ANALYSIS

Vaccine Program attorneys are entitled to a fees award in successful cases like this one. Determining the appropriate <u>amount</u> of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).[3] The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner requests the following rates for the work of her attorneys: for Ms. Meredith Daniels, $280.00 per hour for work performed in 2016, $286.00 per hour for work performed in 2017; $294.00 per hour for work performed in 2018, and $320.00 per hour for work performed in 2019; for Mr. Ronald Homer, $409.00 per hour for work performed in 2017 and $421.00 per hour for work performed in 2018; for Ms. Christina Ciampollilo, $342.00 per hour for work performed in 2018; for Mr. Joseph Pepper, $297.00 per hour for work performed in 2017 and $331.00 per hour for work performed in 2018 and 2019; and for Ms. Lauren Faga, $279 per hour for work performed in 2018. Fees App at 24.

I have determined in prior cases that the attorneys of the Homer Firm are entitled to forum rates, and I find herein as well that the hourly rates requested are reasonable, and in accordance with the Vaccine Program forum-rate guidelines. *See, e.g.*, *Emerson v. Sec'y of Health & Human Servs.*, No. 15-042V, slip op. (Fed. Cl. Spec. Mstr. May 30, 2018); *Reese v. Sec'y of Health and Human Servs.*, No. 16-1117, 2018 WL 2225591, at *2 (Fed. Cl. Spec. Mstr. Apr. 2, 2018); *Stepp v. Sec'y of Health & Human Servs.*, No. 14-851V, 2018 WL 793426, at *1 (Fed. Cl. Spec. Mstr. Jan. 2, 2018); *Barrett v. Sec'y of Health & Human Servs.*, No. 09-389, 2014 WL 2505689, at *8 (Fed. Cl. Spec. Mstr. May 13, 2014). The majority of the rates requested in this case are equivalent to those awarded to counsel in my previous decisions. The above-noted requested rates are also consistent with the Office of Special Masters Guidelines.[4]

Mr. Pepper's rates require separate consideration, however. I have previously noted that he has consistently been awarded $305.00 per hour for work billed in 2018. *Berrett v. Sec'y of Health & Human Servs.*, No. 16-11V, 2019 WL 1451308, at *2 (Fed. Cl. Spec. Mstr. Mar. 1, 2019); *see also Zerbey v. Sec'y of Health & Human Servs.*, No. 16-1514V, 2018 WL 3991225, at *2 (Fed. Cl. Spec. Mstr. Jun. 25, 2018). Mr. Pepper will therefore be compensated for his 2018 work at that

---

[4] The 2015-2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.  The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.  The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

same rate. The billing records indicate that Mr. Pepper billed 0.2 hours in 2018, resulting in a reduction of **$5.20**.[5]

In addition, Mr. Pepper requests a rate increase to $331.00 per hour for work completed in 2019, and has attempted to substantiate the increase. In a past decision, I previously awarded him a 2019 rate of $315.00 per hour. *Berrett*, 2019 WL 1451308, at *2. Following my issuance of the *Berrett* decision, counsel did not seek review of Mr. Pepper's awarded 2019 rate.[6] However, accompanying the instant motion is a supplemental status report substantiating Homer Firm rates for 2019 (as the original fees motion did not address these increases). Status Report, dated May 15, 2019 (ECF No. 49). In this status report, Petitioner reiterates her request for Mr. Pepper to be compensated at $331.00 per hour for 2019 work, noting my decision in *Berrett* (but also positing that in her view "it was not clear the *McCulloch* factors were considered in the analysis of Mr. Pepper's 2019 rate"). *Id.* at 5. Notably, the status report specifically addresses Mr. Pepper's requested rate increase for 2019, and states an increase is warranted based on his relevant credentials and experience (an argument that was not offered or substantiated in *Berrett*). *Id.*

Upon consideration, given the information proffered by Petitioner herein about Mr. Pepper along with his continuing experience in the vaccine program, overall legal experience, the quality of his work, and his overall reputation in the legal community, I find that $325.00 per hour is a reasonable rate for Mr. Pepper's 2019 work consistent with my determination of what he should receive for the year prior, and shall compensate him at that rate. *See McCulloch*, 2015 WL 564323, at *17. Mr. Pepper billed 0.1 hours of work in 2019, resulting in a reduction of **$0.60**.

The hours expended on this matter as reflected in the billing entries are also largely unobjectionable, but require a minor reduction for administrative/clerical work billed. It is well-settled that billing for administrative and/or clerical work is not permitted in the Vaccine Program. *See Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2770820, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018); *Rochester v. United States*, 18 Cl. Ct. 379, 387 (Cl. Ct. 1989). In this case, paralegals billed a total of 4.4 hours for organizing and preparing medical records for summarization and filing. *See, e.g.,* Fees App. at 8-10. This results in a reduction of **$594.90**. Accordingly, Petitioner is entitled to final attorneys' fees of **$31,199.70**.

---

[5] I note that because Mr. Pepper's rate of $305.00 per hour for work performed in 2018 is well-settled by this Court, counsel should take care in future fees applications to make sure the amount of attorneys' fees requested reflects this rate, as opposed to $331.00 per hour. Continued oversight places undue burden on the Court to correct this issue.

[6] Notably, in *Berrett*, although Mr. Pepper's billing log indicated that he began billing at the rate of $331.00 per hour for his work in 2019, he made no specific request that his 2019 rate be increased to that amount (a $26.00 increase from his rate of $305.00 established for 2018), *and* offered no documentation substantiating such an increase based on his own practice experience.

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $1,227.10 in overall costs. Fees App. at 2. This amount includes the cost of acquiring medical records, postage, the filing fee, and a rental car used on a visit to Petitioner. These costs are all typical of Vaccine Program litigation, and Petitioner has provided adequate documentation supporting all of her requested costs. I will therefore reimburse Petitioner the full amount of attorneys' costs sought, **$1,227.10**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$32,426.80** as a lump sum in the form of a check jointly payable to Petitioner and her counsel, Mr. Ronald Homer, Esq. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.